CLD-018                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-2941
_____

IN RE:  STEPHEN MITCHELL,
                                            Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to E.D. Pa. Civ. No. 2:13-cv-01972)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
October 19, 2017

Before: CHAGARES, GREENAWAY, JR., and GREENBERG, <u>Circuit</u> <u>Judges</u>

(Opinion filed: March 16, 2018)
_____

OPINION[*]
_____

PER CURIAM

    In the District Court, Stephen Mitchell, represented by an Assistant Federal

Defender, sought habeas relief in reliance on <u>Miller v. Alabama</u>, 567 U.S. 460 (2012),

and <u>Montgomery v. Louisiana</u>, 136 S. Ct. 718 (2016).  In January 2017, the District Court

conditionally granted his petition and ordered that he be resentenced or released within

_____
[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

180 days.[1] He filed a petition for a writ of mandamus (and several documents in support thereof) primarily asking us to remove the Assistant Federal Defender and the Federal Community Defender Office from his District Court case.[2]

In his mandamus petition, Mitchell described a prison visit by a high-ranking employee of the Pennsylvania Department of Corrections. According to Mitchell, the employee presented him with a sentencing deal and bullied him to take it because the employee is romantically involved with his Assistant Federal Defender. In support, he noted that the employee and Assistant Federal Defender travel to different prisons together. He also submitted letters from his counsel in which she mentions contacting the employee to get an investigator on Mitchell's visitor list. Mitchell accused them of trying to force him to accept an unfavorable sentencing deal and conspiring to deprive him of his constitutional rights because of their relationship with each other. He asserted that the Assistant Federal Defender's romantic loyalty to the employee compromises her ability to represent him, creates a conflict of interest, and constitutes a crime under the Criminal Justice Act.

---

[1] The District Court provided that the time for resentencing could be extended by agreement of the parties or reasonable cause and has since extended the deadline until May 15, 2018.

[2] Mitchell also noted he has filed a motion of "irreconcilable differences" with the District Judge in his habeas case and with the Chief Judge for the United States District Court for the Eastern District of Pennsylvania. He complained that his motion does not appear on the District Court docket for his habeas case.

Mitchell subsequently filed a document relating to his mandamus petition in which he assigned blame to someone else for the sentencing deal presented by the high-ranking employee of the Pennsylvania Department of Corrections. He stated that an Assistant District Attorney, not his Assistant Federal Defender, may be at fault for the deal being foisted upon him. He asks for "fair relief. My resentencing mean I don't have to see parole board." Document entitled "Mandamus Conclusion" dated Jan. 31, 2018.

We will deny Mitchell's petition. Mandamus is an extraordinary remedy. See Kerr v. U.S. Dist. Court, 426 U.S. 394, 402 (1976). A petitioner must ordinarily have no other means to obtain the desired relief, and he must show a clear and indisputable right to issuance of the writ. In re Sch. Asbestos Litig., 977 F.2d 764, 772 (3d Cir. 1992).

To the extent that Mitchell still wishes to have the Assistant Federal Defender and the Federal Community Defender Office removed from his case, we will not order the District Court to remove Mitchell's counsel. Although Mitchell claims that a motion he filed in the District Court does not appear on the docket, he is not without adequate means short of mandamus to seek the Assistant Public Defender's and/or the Federal Community Defender's removal from his case. He can request that counsel withdraw or he can ask (again, if that is the case) the District Court to remove his counsel.

Mitchell also initially asked that we protect him from the Department of Corrections employee, on the basis that the employee may retaliate against him for his complaints about the Assistant Federal Defender. To the extent that he still pursues this relief, Mitchell provides no authority for a right to such mandamus relief from this Court,

3

and none is apparent.  Furthermore, Mitchell has other adequate means to seek protection from what he perceives as a potential threat.

Lastly, to the extent that Mitchell, in his document entitled "Mandamus Conclusion," asks us to intervene in his resentencing, we decline to do so.  Cf. In re Wolenski, 324 F.2d 309, 309 (3d Cir. 1963) (per curiam) (explaining that a district court "had no jurisdiction" to "issue a writ of mandamus compelling action by a state official").

For these reasons, we will deny Mitchell's petition for a writ of mandamus.